IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROBERT CURTIS FINCH,

    Petitioner,

v.

F. GATES PEED,

    Respondent.

CIVIL ACTION NO.: 6:15-cv-82

## O R D E R

Before the Court is Petitioner Robert Curtis Finch's response to this Court's July 29, 2015 Order to Show Cause. (Doc. 5.) For the reasons set forth below, Petitioner is hereby **DIRECTED** to amend his Petition to name the proper respondent.

In its prior Order, the Court directed Petitioner to show cause why his Petition, brought pursuant to 28 U.S.C. § 2254 should not be dismissed for failure to satisfy the "in custody" requirement. (Doc. 3.) In response, Petitioner alleges that he remains subject to probation conditions that impose restraints on his liberty. (Doc. 5.) Accordingly, he has made a plausible claim that he remains in custody for purposes of habeas jurisdiction.

However, Petitioner's probation officer, or a similar immediate custodian, would be the proper respondent in a habeas proceeding based on these allegations. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004). The advisory committee notes to Rule 2(b) of the § 2254 Rules indicate that the proper respondent in such cases is "the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." See also, Vedrani v. New Hampshire

Dep't of Corr., No. CIV. 09-CV-320-JL, 2009 WL 3261694, at *2 (D.N.H. Oct. 7, 2009) (ordering petitioner to file a revised petition naming his probation officer and the state correctional office as respondents). Petitioner has named "F. Gates Peed" as the Respondent, and it is not clear what role, if any, this individual has in Petitioner's custody.

**WHEREFORE**, Petitioner is hereby **ORDERED** to amend his Petition within **fourteen (14) days** to name as Respondents his probation officer, or similar person, that has immediate custody over him, and the official or agency in charge of the probation agency. Should Petitioner fail to timely and properly amend his Petition, the Court shall dismiss this action.

**SO ORDERED**, this 13th day of October, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA