# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ROBERT CURTIS FINCH,

    Petitioner,

v.

F. GATES PEED,

    Respondent.

CIVIL ACTION NO.: 6:15-cv-82

## **O R D E R**

Petitioner, proceeding pro se, filed an action under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. 1.) On July 29, 2015, this Court Ordered Petitioner to demonstrate that he is in custody for purposes of habeas relief and to show cause why his Petition should not be dismissed for lack of jurisdiction. (Doc. 4.) On August 5, 2015, Petitioner responded to the Order to Show Cause providing that he is on probation and subject to probation conditions that impose restraints on his liberty. (Doc. 5.)

However, given the limited information provided by Petitioner in his Petition and his Response regarding his prior convictions and current term of probation, the Court again issued an Order, this time directing Petitioner to amend his petition to name as Respondents his probation officer, or similar person having immediate custody over him, and the official or agency in charge of the probation agency. (Doc. 7.) Petitioner filed his Amended Petition on October 21, 2015, and it appears that Petitioner has named "Henry Moore and His Supervisor" as

Respondents in this case.[1] (Doc. 9, p. 1.) Therefore, the Clerk is AUTHORIZED and DIRECTED to change the name of the Respondents to Henry Moore and Unknown Supervisory Probation Officer, upon the docket and record of this case.

Additionally, the Court notes that Petitioner has failed to provide this Court with information regarding the probation agency or any other information the Court could use in serving his Petition. However, in considering the Certificate of Service for Petitioner's Amended Petition, (doc. 9, p. 12), the Court gleans that the Respondents were provided copies of the filings for this case by Petitioner at 15 N. Main Street, Statesboro, Georgia 30458. The Court will deduce that Petitioner's probation officer Henry Moore and the Unknown Supervisory Probation Officer may be served at the Probation Office located at this address.

THEREFORE, IT IS HEREBY ORDERED that the Clerk of Court serve a copy of this Order upon the Petitioner. Additionally, a copy of the petition and a copy of this Order shall be served upon the Respondents by certified mail, return receipt requested. The Clerk is further directed to serve a copy of the petition and a copy of this Order upon Paula K. Smith, Senior Assistant Attorney General of the State of Georgia by first class mail.

IT IS FURTHER ORDERED that Respondents make answer in writing to the allegations of the petition by filing same with the Clerk of this Court within sixty (60) days after service of this Order. The answer must comply with Rule 5, 28 U.S.C. § 2254. Specifically, the answer shall include the following:

1) trial transcript of Petitioner's state court conviction;

2) transcript of Petitioner's state habeas corpus hearings;

3) copy of the decision of the state habeas courts; and,

---

[1] Petitioner's Amended Petition is, for the most part, identical in substance to his original Petition; though, he did remove F. Gates Peed entirely as a Respondent in the case caption and also included new documents attached as Appendix B.

4) if the Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the Petitioner's and Respondent's brief on appeal and of the opinion of the appellate court, if any, as to each proceeding.

All of the submitted transcripts shall be certified. Either with the filing of the answer or within fifteen (15) days after the answer is filed, the Respondents shall move for the petition to be dismissed or shall explain in writing to the Court why the petition cannot be adjudicated by a motion to dismiss.

In accordance with Rodriguez v. Fla. Dep't of Corr., 748 F.3rd, 1073, (11th Cir. 2014), Respondents are directed to serve upon Petitioner a copy of all documents referenced or cited to in the Answer and/or Motion to Dismiss.

Respondents shall submit a brief of law within the aforementioned time period. Petitioner shall submit his brief within thirty (30) after the filing of Respondents' brief. The briefs of law shall be no longer than twenty-five (25) typewritten pages double-spaced on letter-sized paper. Petitioner and Respondents shall refer to specific pages of the trial transcript in which it is contended that constitutional error did or did not occur.

No discovery shall be had by either party without leave of court. Rule 6, 28 U.S.C. § 2254. Unless and until Petitioner demonstrates to this Court that the state habeas court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of Petitioner's habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

After the filing of the answer and the motion to dismiss, the Court will then give consideration to the petition and to the answer and will determine whether to grant the writ, deny the writ, or set the matter down for hearing.[2]

Petitioner is cautioned that while this action is pending, Petitioner shall immediately inform this Court in writing of any change of address. Failure to do so will result in dismissal of this case, without prejudice.

**SO ORDERED**, this 13th day of November, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] As the present matter has not yet reached this stage in the case, Petitioner's Motion for a Hearing filed on October 28, 2015 (doc. 11) is premature and, therefore, **DENIED** at this time.