**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

ROBERT CURTIS FINCH,

        Petitioner,

   v.

HENRY MOORE; and UNKNOWN
SUPERVISORY PROBATION OFFICER,

        Respondents.

CIVIL ACTION NO.: 6:15-cv-82

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Robert Curtis Finch ("Finch"), who is currently serving a sentence of probation, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Screven County, Georgia, Superior Court and the Jenkins County, Georgia, Superior Court. (Doc. 1.) Respondent filed an Answer-Response and a Motion to Dismiss, (docs. 20, 21), and Finch filed an Objection to Respondent's Motion to Dismiss and a Supplemental Petition, (docs. 23, 24). For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** Finch's Section 2254 Petition, and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** a Certificate of Appealability and **DENY** Finch *in forma pauperis* status on appeal. Also before the Court is Respondent's Motion for Extension of Time to File Responsive Pleadings, (doc. 16), which is **DISMISSED as MOOT**.

## BACKGROUND

Finch pled guilty, under Georgia's first offender statute, to statutory rape and contributing to the delinquency, unruliness or deprivation of a minor in the Screven County Superior Court on

September 26, 2003.[1]  (Doc. 22-2, p. 1.)  He was sentenced to five years' probation on the first count, and one year probation on the second count, to run concurrently.  (Id.)  On March 17, 2008, Finch pled guilty to manufacturing marijuana and was, again, sentenced to five years' probation.  (Doc. 22-4, p. 1.)  Finch did not file a direct appeal of either of these convictions.  However, on August 10, 2010, Finch filed a state habeas corpus petition in the Screven County Superior Court, challenging his guilty pleas to statutory rape and manufacturing marijuana.  (Doc. 22-5.)  The court dismissed his petition on December 14, 2010, due to Finch's failure to use the proper form.  (Doc. 22-6.)  Finch then filed a certificate of probable cause to appeal, which the Georgia Supreme Court dismissed as untimely on December 11, 2014.  (Doc. 22-7.)

On June 16, 2015, Finch pled guilty in the Jenkins County Superior Court to making terroristic threats and was sentenced to five years' probation and ordered to pay a $1,000 fine.  (Doc. 22-10.)  In lieu of appealing his terroristic threats conviction or sentence, Finch filed a state habeas corpus petition on February 6, 2016.  (Doc. 18, p. 2.)  On March 1, 2016, the Jenkins County Superior Court denied plaintiff's request to proceed *in forma pauperis* in that action.  (Doc. 22-11.)

## DISCUSSION

Finch filed this federal petition for writ of habeas corpus, in which he challenges three separate convictions, on July 21, 2015.  (Doc. 1.)  Though Finch is not currently incarcerated, he avers that he remains subject to probation conditions that impose restraints on his liberty.  (Doc. 5.)  Accordingly, Finch challenges his Screven County convictions for statutory rape and manufacturing marijuana and his Jenkins County conviction for making terroristic threats on

---

[1]  When a defendant pleads guilty under first offender treatment, he pleads guilty but no judgment of conviction is entered upon successful completion of the sentence.  See Davis v. State, 496 S.E.2d 699 (Ga. 1998).  Nevertheless, pursuant to O.C.G.A. § 42-8-64, a defendant sentenced as a first offender "shall have the right to appeal in the same manner and with the same scope and same effect as if a judgment of conviction had been entered and appealed from."

several grounds. First, Finch alleges that his conviction for statutory rape was invalid because (1) the act he committed was not a sex offense; (2) he was legally incapable of committing statutory rape as he was only nineteen years old at the time of the offense; and (3) his conviction and sentence violated his Eighth Amendment right against cruel and unusual punishment because he was required to, *inter alia*, register as a sex offender. (Doc. 9, p. 8.) Second, Finch alleges that his conviction for manufacturing marijuana was invalid because (1) he was not provided assistance of counsel during the search of his home, which Finch contends violated his Sixth Amendment right to counsel; and (2) his growth and cultivation of marijuana was a religious exercise protected by the First Amendment to the United States Constitution. (Id. at pp. 8–9.) Finally, Finch alleges that his conviction and sentence for making terroristic threats was invalid because (1) he was deprived of his right to equal protection under the Fourteenth Amendment; (2) his attorney provided ineffective assistance of counsel by having him held incompetent and by failing to challenge the court's exercise of jurisdiction; (3) his guilty plea was not knowing or voluntary; and (4) he committed the offense based upon a mistake of law—specifically, Plaintiff avers that he believed his terroristic statement was non-criminal because he threatened to "legally" murder the victim. (Id. at p. 9; Doc. 24, p. 3.)

As to Finch's convictions for statutory rape and manufacturing marijuana, Respondent avers Finch's petition was untimely filed and should, therefore, be dismissed. (Doc. 8.) Finch responds that the statute of limitations period applicable to his Section 2254 petition has not yet begun to run. (Doc. 23, p. 1.)

As to Finch's terroristic threats conviction, Respondent asserts that Finch failed to exhaust his available state remedies before he filed his federal habeas petition. Thus,

Respondent avers, Finch's petition is also due to be dismissed because he has failed to exhaust his state court remedies.  (Doc. 21, p. 2.)

## I.    Whether Finch's Petition was Filed Timely

To determine whether Finch's petition was filed in a timely manner, the Court must look to the applicable statute of limitations periods.  A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year.  28 U.S.C. § 2244(d)(1).  This statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Finch's convictions became final at the time of his completion of the direct review process or when the time for seeking such review became final.  28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000).  Finch was convicted in the Screven County Superior Court on September 26, 2003 for statutory rape.  (Doc. 22-2, p. 1.)  Finch was subsequently convicted in the Screven County Superior Court on March 17, 2008, for manufacturing marijuana.  (Doc. 22-4, p. 1.)  Pursuant to O.C.G.A. § 5-6-38, Finch had a period of thirty days following each of his convictions in which to file a timely notice of appeal.  Finch

appealed neither of his convictions. Accordingly, his statutory rape conviction became final on October 27, 2003, and his conviction for manufacturing marijuana became final on April 16, 2008.[2]

Because Finch's convictions for statutory rape and manufacturing marijuana became final on October 27, 2003, and April 16, 2008, respectively, he had one year from those dates in which to file timely federal habeas petitions. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a <u>properly</u> filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2) (emphasis supplied); <u>Taylor v. Williams</u>, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." <u>Carey v. Saffold</u>, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1204 (11th Cir. 2004); <u>see also</u> <u>Alexander v. Sec'y, Dep't of Corr.</u>, 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, Finch's conviction for statutory rape became final on October 27, 2003, and his conviction for manufacturing marijuana became final on April 16, 2008. He had one year from those dates to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly

---

[2] In computing time expressed in days, the last day of that time period is included. If the last day is a Saturday, Sunday, or legal holiday, the time period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

filed application for state post-conviction or other collateral review. Finch filed a state habeas petition challenging both convictions on August 10, 2010—2,479 days after his statutory rape conviction became final and 846 days after his conviction for manufacturing marijuana became final. (Doc. 9-3.) Because these time periods surpassed the one-year windows in which Finch could file a timely writ for habeas corpus, Finch's 28 U.S.C. § 2254 petition was not timely filed.

Having determined that statutory tolling is not available to Finch, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Fla., 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Fla., 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Fla., 560 U.S. 631 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Finch does not argue that he is entitled to equitable tolling of the statute of limitations; rather, he argues that the statute of limitations has not yet begun to run. (Doc. 23, p. 1.) For the reasons discussed above, Finch's contention is without merit. Moreover, even if Finch had argued that he is entitled to equitable tolling, the Court should reject that argument. Finch has not diligently pursued his rights and no extraordinary circumstances stood in his way from pursuing habeas relief. Consequently, Finch's Section 2254 Petition was untimely filed as to his

convictions for statutory rape and manufacturing marijuana. Therefore, the Court should dismiss all claims relating to those convictions.

## II.    Exhaustion

As to Finch's terroristic threats conviction, Respondent asserts that Finch failed to exhaust his available state remedies before he filed his federal habeas petition and, as a result, this Court should also dismiss that portion of his Petition. Finch responds that he has attempted to pursue all available state remedies but "the state has either overlooked the filing of them or refused to file them on inadequate grounds." (Doc. 23, p. 1.)

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

appellate review process." Id. at 845.  This exhaustion requirement also extends to a state's collateral review process.  Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004).  Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a Section 2254 petition requires that the petition be dismissed.  See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true.  See 28 U.S.C. §§ 2254(b) & (c).  First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim."  Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2).  The State may also explicitly waive the exhaustion requirement.  Hills, 441 F.3d at 1376.  Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Finch has not shown that this Court should entertain his federal petition.  Respondent has not waived the exhaustion requirement.  In addition, there is no evidence that there is no available corrective process in the State of Georgia.  While Finch claims the state court wrongfully thwarted his efforts to exhaust state remedies as to his terroristic threats claim, he presents no evidence supporting that claim.  While the Jenkins County Superior Court denied his motion to proceed *in forma pauperis* in that proceeding, Finch may still pay the filing fee and

pursue his state habeas petition until July 2019, pursuant to O.C.G.A. § 9-14-42(c).[3] Accordingly, Finch has failed to show that the state court unreasonably failed to address his petition or that there is an absence of available State corrective process.

Because Finch failed to exhaust available state remedies as to his terroristic threats conviction prior to filing this Petition, his Petition should be dismissed, without prejudice. Respondent's Motion to Dismiss should, therefore, be **GRANTED**.

## III.    Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Finch leave to appeal *in forma pauperis*, and he should be denied a Certificate of Appealability ("COA"). Though Finch has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court <u>must</u> issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); <u>see also</u> Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. Cty. of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the

---

[3]  In addition, pursuant to O.C.G.A. § 9-14-52, if the state habeas court enters a final order denying relief, Petitioner must pursue the appellate remedy of an application for a certificate of probable cause to appeal to the Georgia Supreme Court, in order to satisfy the exhaustion requirement and avoid any claims being procedurally defaulted in this Court. <u>Pope v. Rich</u>, 358 F.3d 852, 854 (11th Cir. 2004).

factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Id.</u> "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>see also</u> <u>Franklin v. Hightower</u>, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." <u>Miller-El</u>, 537 U.S. at 336.

Based on the above analysis of Respondent's Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of

Appealability.  Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 21), **DISMISS** Finch's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **CLOSE** this case.  I further **RECOMMEND** that the Court **DENY** a Certificate of Appealability and **DENY** Finch leave to proceed *in forma pauperis*. Respondent's Motion for Extension of Time to File Responsive Pleadings, (doc. 16), is **DISMISSED as MOOT**.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Finch and the Government.

SO **ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA