IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROBERT CURTIS FINCH,

    Petitioner,

v.

HENRY MOORE; and UNKNOWN
SUPERVISORY PROBATION OFFICER,

    Respondents.

CIVIL ACTION NO.: 6:15-cv-82

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Petitioner's Motion for Certificate of Appealability, (doc. 32), and Motion for Leave to Appeal *In Forma Pauperis*, (doc. 34). For the reasons set forth below, I **RECOMMEND** that the Court **DENY** Petitioner's Motions.

## **BACKGROUND**

On September 26, 2003, Petitioner Robert Curtis Finch ("Finch") pled guilty, under Georgia's first offender statute, to statutory rape and contributing to the delinquency, unruliness or deprivation of a minor in the Screven County Superior Court. (Doc. 22-2, p. 1.) He was sentenced to five years' probation on the first count, and one year probation on the second count, to run concurrently. (Id.) On March 17, 2008, Finch pled guilty to manufacturing marijuana and was, again, sentenced to five years' probation. (Doc. 22-4, p. 1.) On June 16, 2015, Finch pled guilty in the Jenkins County Superior Court to making terroristic threats and was sentenced to five years' probation and ordered to pay a $1,000 fine. (Doc. 22-10.)

On July 21, 2015, Finch filed a federal petition for writ of habeas corpus, in which he challenged these three convictions. (Doc. 1.) Respondent filed a Motion to Dismiss on May 12,

2016. (Doc. 21.) On June 6, 2016, I recommended that the Court grant Respondent's Motion to Dismiss Finch's Petition as untimely and for failure to exhaust available state remedies. (Doc. 26.) I further recommended that the Court deny Finch a Certificate of Appealability and deny him leave to proceed *in forma pauperis* on appeal. (Doc. 26.) On June 30, 2016, the Court adopted that Report and Recommendation, over Finch's Objections, and dismissed Finch's Petition. In its Order, the Court also denied Finch a Certificate of Appealability and denied him leave to proceed *in forma pauperis* on appeal. (Doc. 28.) Despite the Court's Order, Finch has filed a Motion for Certificate of Appealability, (doc. 32), and a Motion for Leave to Appeal *In Forma Pauperis*, (doc. 34).

## DISCUSSION

This Court already correctly set forth and applied the pertinent standards when denying Finch a certificate of appealbility and leave to proceed *in forma pauperis* on appeal. To the extent Finch seeks reconsideration of the Court's prior denials, the Court discerns no good reason to disturb its prior Orders.[1] Further, if Petitioner disagreed with those denials, he should have filed the present Motion with the Court of Appeals. See Section 2254/5 Rule 11(a) ("[P]arties may not appeal [a] denial but may seek a [COA] from the court of appeals under Federal Rule of Appeal of Appellate Procedure 22."); see also 28 U.S.C. § 2253(c)(1)(A)/(B) ("Unless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals from" [§ 2254 or § 2255 final orders.]); Fed. R. App. P. 24(a)(5) (where the district court

---

[1] "Reconsideration may be necessary if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." Spencer v. St. Joseph's/Candler Health Sys., Inc., 2007 WL 1615117 at * 2 (S.D. Ga. June 4, 2007) (citing Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D.Ga.1999)). None of those circumstances exist here.

2

certifies that an appeal is not taken in good faith, petitioner/applicant may move the appellate court for leave to proceed IFP).

Based on the analysis of the Petitioner's action laid out in the Report and Recommendation, (doc. 26), and this Court's Order adopting the same, (doc. 28), Finch's claims are without arguable merit either in law or fact. Consequently, the appeal is not taken in good faith, and the Court should, therefore, **DENY** Plaintiff's motion for leave to appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Additionally, applying the certificate of appealability standards laid in the Court's prior Orders, there appears to be no issue worthy of a certificate of appeal. Therefore, the Court should **DENY** the issuance of a certificate.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DENY** Finch's Motion for Certificate of Appealability, (doc. 32), and **DENY** Finch's Motion for Leave to Appeal *In Forma Pauperis*, (doc. 34).

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). Objections to a Report and Recommendation are not the proper vehicle to raise issues and arguments not previously brought before the Court. A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA